**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No. SA-06-CA-503-XR** |
| | ) | |
| **HENRY D. GOLTZ, EVANGELINA** | ) | |
| **GOLTZ, and WELLS FARGO HOME** | ) | |
| **MORTGAGE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

On this date, the Court considered Defendants' Motion to Abate (Docket No. 12) and Motion to Dismiss (Docket No. 14). For the reasons discussed below, the Court DENIES both motions. The Court STRIKES Defendants' Amended Answer (Docket No. 19) because Defendants have failed to request leave of the Court under FED. R. CIV. P. 15(a) to file an amended pleading.

**I. Factual and Procedural Background**

The United States ("The Government") filed this complaint against Henry D. Goltz and his wife, Evangelina Goltz, ("The Goltzes") to recover unpaid taxes allegedly owed to the Internal Revenue Service ("IRS"). The Goltzes are proceeding *pro se.* The Government alleges that Henry Goltz owes $100,740 in unpaid income tax, penalties, statutory additions, and interest for the years 1999, 2000, 2001, 2002, 2003, and 2004. The Government alleges that Evangelina Goltz owes $5,722 in unpaid income tax, penalties, statutory additions, and interest for the years 2001, 2002, 2003, and 2004. The Government alleges that proper notice and demand for payment of the assessments was mailed to the Goltzes each year that they were due, but payment was never made.

-1-

The Government recorded a Notice of Federal Tax Lien against Henry Goltz in the property records of Bexar County, Texas on October 4, 2005, July 27, 2005, December 9, 2005, December 13, 2005, December 14, 2005, January 24, 2006, and January 26, 2006.  Similarly, the Government recorded a Notice of Federal Tax Lien against Evangelina Goltz in the property records of Bexar County, Texas on July 14, 2005 and July 19, 2005.  The Government alleges that Henry Goltz owns a parcel of real property ("subject real property") located in Bexar County, Texas and that Evangelina Goltz may claim a homestead interest in that property.

The Government seeks enforcement of its federal tax liens by foreclosure on the subject real property.  Pursuant to 28 U.S.C. § 3011, the Government also seeks to recover a surcharge of 10% of the amount of the total debt in order to recover the cost of processing and handling the litigation and enforcement.

In its answer, Defendant Wells Fargo Home Mortgage ("Wells Fargo") alleges that it has a superior lien position to the IRS federal tax lien.  Wells Fargo claims that it has a purchase money security interest in the subject real property that was recorded in the real property records of Bexar County, Texas on January 16, 2003.

The Goltzes filed a Judicial Notice and Motion to Abate (Docket No. 15) on August 31, 2006 and then filed a Motion to Dismiss and Answer (Docket No. 16) on September 5, 2006.  Without requesting leave of the Court, the Goltzes then filed an Amended Answer (Docket No. 19) on September 18, 2006.

Defendants' Motion to Abate makes, *inter alia*, the following arguments: (1) The Court does not have subject matter jurisdiction over this action because state courts have exclusive jurisdiction over *in rem* actions; (2) the Court does not have subject matter jurisdiction over this action under the

laws and Constitution of the United States; (3) the Goltzes are not "taxpayers" for purposes of the United States Code; (4) the tax assessments against the Goltzes are invalid; and (6) the Court is interfering in state judicial proceedings because this action was improperly removed from the "exclusive original jurisdiction" of the "state circuit court." The Goltzes requested that the Court abate the Government's action pending "proof of its and the court's jurisdiction in this matter."

In response to the Goltzes' Motion to Abate, the Government makes the following arguments: (1) the action was not removed from state court; rather, it was originally filed in federal court; (2) the tax assessments are valid; (3) the form, content, and effect of the Notice of Federal Tax Lien are governed by federal law; and (4) any state filing requirements regarding liens on real estate are ineffective to the extent that they conflict with federal law.

Defendants' Motion to Dismiss and Answer requests that the Court dismiss the action based on claim or issue preclusion because "a prior similar action initiated in this Court by the Plaintiff's representatives ended in dismissal." *See United States v. Goltz*, No. SA-05-CV-01056-WRF (IRS Summons Enforcement Action). In its response, the Government alleges that the Goltzes refused to provide financial information in the summons enforcement action, so the IRS agreed to dismiss the case without prejudice on April 10, 2006 to pursue alternative forms of relief against Defendants. *See* SA-05-CV-01056, Docket No. 21. The Court finds that this action, filed on June 9, 2006, is the "alternative form of relief" referred to in Judge Furgeson's Order of Dismissal. The Government further alleges that Defendants' request for a permanent injunction against the United States to prevent the collection of taxes violates the Anti-Injunction Act, 26 U.S.C. § 7421.

Without requesting the leave of the Court, the Goltzes then filed an Amended Answer with Affirmative Defenses that opines for fifteen pages on why they are not required to pay federal

income tax.  The Goltzes base their argument on a convoluted and confused analysis of the United

States Code, the United States Constitution, and IRS Regulations.

## II. Legal Analysis

The Court finds that the Goltzes have "advanced shopworn arguments characteristic of

tax-protester rhetoric that has been universally rejected by this and other courts." *Stearman v.*

*Commissioner*, 436 F.3d 533, 537 (5th Cir. 2006).  The Court will not painstakingly address each

of Defendants' assertions "with somber reasoning and copious citation of precedent; to do so might

suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417,

1417 (5th Cir.1984).  In particular, the Court finds that Defendants' Amended Answer "is a

hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." *Id.* at 1418.

The Court concludes that the Defendants' arguments are frivolous and groundless.  The Court will

briefly indulge the Defendants and explain why.

This Court is a United States District Court.  The United States Code ("U.S.C.") consists of

federal statutory law passed by Congress.  The Constitution and laws of the United States are "the

supreme law of the land . . . anything in the Constitution or laws of any State to the contrary

notwithstanding." U.S. CONST. art. VI.  The Court has jurisdiction over this action pursuant to 28

U.S.C. §§ 1331, 1340, 1345 and 26 U.S.C. §§ 7402, 7403.  In particular, 28 U.S.C. § 1340 states that

"[t]he district courts shall have original jurisdiction of any civil action arising under any Act of

Congress providing for internal revenue . . . ." 28 U.S.C. § 1345 states that "the district courts shall

have original jurisdiction of all civil actions, suits or proceedings commenced by the United States,

or by any agency or officer thereof expressly authorized to sue by Act of Congress."  26 U.S.C. §

7402(a) states that "[t]he district courts of the United States . . . have such jurisdiction . . . to render

such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." This suit arises under an Act of Congress providing for internal revenue, and it was commenced by the United States. Specifically, 26 U.S.C. § 7403(a) allows the IRS to file a civil action in district court "to enforce the lien of the United States under this title [the Internal Revenue Code]." Thus, this Court has subject matter jurisdiction over this action.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396. 28 U.S.C. § 1396 states that "[a]ny civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed."

The United States attached Form 4340 (Exhibit C) as proof of the tax assessments against Defendants. Form 4340 Certificate of Assessment, Payments, and Other Specified Matters constitutes prima facie evidence of a valid assessment of the taxes at issue. *United States v. Chila*, 871 F.2d 1015, 1017-1018 (11th Cir. 1989). Given that Defendants have produced no evidence to counter this presumption, the Court is satisfied that the Government has established that the claimed tax liability was properly assessed against Defendants.

The Goltzes challenge the validity of the Notice of Federal Tax Lien filed against their property. Internal Revenue Code § 6321 (26 U.S.C. § 6321) provides that "[i]lf any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Section 6322 provides that the federal tax lien "shall arise at the time the assessment is made and shall continue until the liability for the amount

so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." Section 6323(a) grants priority to the federal tax lien against defined categories of purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors, provided that notice of the lien is filed in accordance with the requirements of section 6323(f).

Defendants  challenge to the validity of the Notice of Federal Tax Lien based on the theory that such notices are subject to state law filing requirements. Section 6323(f) provides the requirements by which the validity of such filings is determined.  The filing requirements for a Notice of Federal Tax Lien are a matter of federal law; therefore, any formal requirements the State of Texas may place on the filing of a notice of tax lien are irrelevant to the validity of the notice here at issue.  The Internal Revenue Code provides that the Notice of Federal Tax Lien is generally filed in the office designated under state law for filing of liens against property. 26 U.S.C. § 6323(f)(l). However, the form and content of the Notice of Federal Tax Lien are governed by section 6323(f)(3), which states that "the form and content of the [N]otice [of Federal Tax Lien] shall be prescribed by the Secretary [of the Treasury]. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien."

The clear import of that language is that if a Notice of Federal Tax Lien conforms to the requirements for form and content prescribed by the Treasury Department, any state law requirements to the contrary are ineffective. *See TKB International, Inc. v. United States*, 995 F.2d 1460, 1464 (9th Cir. 1993) (" [t]he requirements for filing proper notice of a federal tax lien are set forth in § 6323(f) and are a matter of federal law"); TREAS. REG. § 301.6323(f)-l(d) (26 C.F.R. § 301.6323(f)-1(d)) (form of Notice of Federal Tax Lien).  The Supreme Court has stated that while

-6-

the federal statute requires Notice of Federal Tax Lien to be filed in a state office when the state designated an office for that purpose, the section does not purport to permit the State to prescribe the form or the contents of that notice. *United States v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 294 (1961). The Supreme Court concluded that giving this power to the States "might well result in radically differing forms of federal tax notices for the various States, it would run counter to the principle of uniformity which has long been the accepted practice in the field of federal taxation." *Id.*

The Court finds that the Government's prior action against Defendants was dismissed without prejudice and that its dismissal does not bar this suit. Finally, the Court STRIKES Defendants Amended Answer (Docket No. 19). FED. R. CIV. P. 15(a) states that parties may amend their pleadings only by leave of the Court or by written consent of the adverse party. Neither this Court nor the Government has consented to the filing of this amended pleading.

### III. Conclusion

The Court DENIES Defendants' Motion to Abate (Docket No. 12) and Motion to Dismiss (Docket No. 14). The Court STRIKES Defendants' Amended Answer (Docket No. 19).

It is so ORDERED.

SIGNED this 28th day of September, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE