UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civ. Action Nos. SA-06-CA-503-XR and |
| | ) SA-06-CA-768-XR |
| HENRY D. GOLTZ, EVANGELINA | ) |
| GOLTZ, and WELLS FARGO HOME | ) |
| MORTGAGE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On this date, the Court considered the following motions filed in SA-06-CA-503-XR: the Goltzes' motion for leave to file an amended answer (docket no. 22), the Goltzes' motion to claim and exercise constitutional rights (docket no. 26), the Goltzes' motion to demand this court read all pleadings (docket no. 27), Government's motion for summary judgment (docket no. 28), the Goltzes' motion to dismiss (docket no. 30), and the Goltzes' motion to reject United States' motion for summary judgment (docket no. 32).

In addition, the Court has considered the following motions filed in SA-06-CA-768-XR: the Goltzes' affidavit of non-acceptance of removal (docket no. 5), Government's motion to Dismiss (docket no. 8), the Goltzes' motion to demand this court read all pleadings (docket no. 12), the Goltzes' motion to claim and exercise constitutional rights (docket no. 13), and the Goltzes' motion for hearing (docket no. 14).

**Factual and Procedural Background**

The United States ("The Government") filed complaint number SA-06-CA-503-XR against

-1-

Henry D. Goltz and his wife, Evangelina Goltz, ("The Goltzes") to recover unpaid taxes allegedly owed to the Internal Revenue Service ("IRS"). The Goltzes are proceeding pro se. The Government alleges that Henry Goltz owes $102,491.65 in unpaid income tax, penalties, statutory additions, and interest for the years 1999, 2000, 2001, 2002, 2003, and 2004. The Government alleges that Evangelina Goltz owes $6,437.32 in unpaid income tax, penalties, statutory additions, and interest for the years 2001, 2002, 2003, and 2004. The Government alleges that proper notice and demand for payment of the assessments was mailed to the Goltzes each year that they were due, but payment was never made. The Government recorded a Notice of Federal Tax Lien against Henry Goltz in the property records of Bexar County, Texas. Similarly, the Government recorded a Notice of Federal Tax Lien against Evangelina Goltz in the property records of Bexar County, Texas. The Government alleges that Henry Goltz owns a parcel of real property located in Bexar County, Texas and that Evangelina Goltz may claim a homestead interest in that property.

The Government seeks enforcement of its federal tax liens by foreclosure on the subject real property. Pursuant to 28 U.S.C. § 3011, the Government also seeks to recover a surcharge of 10% of the amount of the total debt in order to recover the cost of processing and handling the litigation and enforcement.

On August 30, 2006, the Goltzes filed an Order to Show Cause in the 255th Judicial District Court of Bexar County, Texas challenging the validity of the federal tax liens. The Government removed that suit to this Court on September 11, 2006 (SA-06-CA-768-XR). The Goltzes have filed an affidavit of non-acceptance of removal (docket no. 5), which this Court construes as a motion to remand.

**Motion to remand (docket no. 5)(SA-06-CA-768-XR)**

The Goltzes argue that the state court has exclusive jurisdiction to determine the "alleged

liens." Because federal law clearly governs the validity of the Notice of Federal Tax Lien filed by the Internal Revenue Service on the property, and because this Court has original jurisdiction of cases involving a federal question, Plaintiff's Motion to Remand is DENIED.  *See e.g. Drum v. Calhoun*, No. 3:05-CV-932-P, 2005 WL 2217504, *4 (N.D. Tex. Sept. 9, 2005)("The key issue at the heart of Plaintiff's complaint remains his challenge to the assessment of the federal income tax and the validity of the four federal tax lien notices. '[M]atters directly affecting the nature or operation of such liens are federal questions . . . .' *United States v. Brosnan*, 363 U.S. 237, 240 (1960); *see also Larrew v. United States*, No. 3:01-CV-350-P, 2001 U.S. Dist. LEXIS 8905, *5 (N.D. Tex. June 11, 2001)('[F]ederal law clearly governs the validity of the Notice of Federal Tax Lien filed by the Internal Revenue Service')"). Plaintiff's motion to remand is DENIED.

### Government's motion to dismiss (docket no. 8)(SA-06-CA-768-XR)

The Government requests that this Court dismiss the Goltzes' Order to show cause arguing that the United States has not waived its immunity and the Goltzes' action is prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421(a). Further, the Government asserts that the Goltzes have failed to properly effectuate service. The Government's motion to dismiss is GRANTED. *See e.g. Arceneaux v. Everson*, No. 1:04CV99GURO, 2004 WL 1926123, *2 (S.D. Miss. July 12, 2004)("Plaintiff's arguments in support of his contention that he is not subject to the federal tax scheme have been considered and uniformly rejected by the courts. That Congress has authority only over the District of Columbia and the federal possessions and territories and that therefore it may not tax citizens of the fifty states is an assertion that has been labeled frivolous . . . . Also incorrect, indeed frivolous, are any assertions that the only wages which may be taxed are those paid by the United States in its capacity as employer. Finally, Plaintiff has not shown that a waiver of immunity applies to the other forms of relief requested in this case. The Anti-Injunction Act, 26 U.S.C. §

7421(a), provides that 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such persons is the person against whom such tax was assessed.' The narrow exception to the Act, which provides that a court may exercise equity jurisdiction when it is clear that the government cannot ultimately prevail under any circumstances, is not applicable here. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The Declaratory Judgment Act, 28 U.S.C. § 2201, also precludes a federal court from giving relief in actions involving federal taxes. *Willis v. Alexander*, 575 F.2d 495, 496 (5th Cir.1978)").

**Motion for leave to file an amended answer (docket no. 22)(SA-06-CA-503-XR)**

Defendants seek leave to file docket no. 19 titled "Lodgment of Judicial Notice and Amended Answer with Affirmative Defenses." This fifteen page document is not a true amended answer, but rather Defendants' theory and argument as to why they believe they are exempt from the payment of income taxes. This document is in reality a reply brief to a dispositive motion. The motion for leave to file is DENIED.

**Motion to claim and exercise constitutional rights (docket no. 26)(SA-06-CA-503-XR) and (docket no. 13)(SA-06-CA-768-XR)**

In these motions the Goltzes move that this Court abide by and respect the Constitution, and provide due process and equal protection. In addition, Defendants seek an acknowledgment from the Court that exercising a constitutional right cannot be converted into a crime. In addition, it appears that the Goltzes seek that "charges" be dismissed and a ruling that this Court has no jurisdiction. This Court will abide by and respect the Constitution, and provide due process and equal protection. To that extent, the Goltzes' motion are, in part, GRANTED. In all other respects, the motions are DENIED.

**Motion to demand this court read all pleadings (docket no. 27)(SA-06-CA-503-XR) and (docket no. 12)(SA-06-CA-768-XR)**

The Goltzes request that this Court "read, consider, comprehend and rule upon all motions and pleadings . . . ." The Goltzes also request that this Court honor its judicial oath. In addition, the Goltzes seek a ruling that this Court "shield, exonerate or hold [them] harmless and immune" from any law or crime. This Court will read and rule upon all motions filed in this matter and honor its judicial oath. To that extent, the motions are, in part, GRANTED. In all other respects, the motions are DENIED.

**Motion for hearing (docket no. 14)(SA-06-CA-768-XR)**

The Goltzes seek an immediate hearing on their motion to remand. This motion is DISMISSED as moot.

**Government's Motion for summary judgment (docket no. 28)(SA-06-CA-503-XR), the Goltzes' motion to dismiss (docket no. 30)(SA-06-CA-503-XR), and the Goltzes' motion to reject United States' motion for summary judgment (docket no. 32)(SA-06-CA-503-XR)**

The government has presented evidence that shows that Henry D. Goltz was assessed income tax liabilities for the years 1999 through 2004. This evidence indicates that Henry D. Goltz is indebted to the United States in the amount of $102,491.65. The government has also presented evidence that shows that Evangeline S. Goltz was assessed income tax liabilities for the years 2001 through 2004. This evidence indicates that Evangeline S. Goltz is indebted to the United States in the amount of $6,437.32. In addition, the Government has submitted evidence that the Goltzes' homestead ("Tall Cedar property") is subject to a Deed of Trust held by Wells Fargo Bank. In addition, the Government has submitted evidence that the IRS filed notices of federal tax lien as to the Tall Cedar property. The Government seeks leave of this Court to foreclose upon the liens and order a sale of the Tall Cedar property. The Government acknowledges that any proceeds it may

receive from the sale are subject to Wells Fargo's deed of trust.

The Goltzes respond arguing that this Court lacks jurisdiction. Further, they argue that "Legislation manufactured by The Federal-Republic's Central Government's Legislative Branch (Congress) is limited by the Constitution to the confined, as defined geographic legislative jurisdiction possessed solely, and exclusively by The Federal-Republic's Central Government– the United States." They argue their domicile (Texas) "lies without the United States."

Defendants do not dispute the underlying assertions made by the Government and fail to raise any material fact issue. Defendants merely pursue frivolous legal arguments that have been consistently and universally rejected by every federal court that has considered them, including this Court. For example, they opine that they do not owe federal income tax because they are "Sovereign-Citizens" of the Republic of Texas and not a citizen of the United States.

The Fourteenth Amendment to the United States Constitution defines the basis for United States citizenship, stating that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." The Fourteenth Amendment therefore establishes simultaneous state and federal citizenship. Claims that individuals are not citizens of the United States but are solely citizens of a sovereign state and not subject to federal taxation have been uniformly rejected by the courts. *See United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993)(the court rejected "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore an alien beyond the jurisdictional reach of the federal courts); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir.1993)(the court rejected the Gerads' contention that they were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation" and imposed sanctions "for bringing this frivolous appeal based on discredited, tax-protester arguments"); *United States v.*

*Jagim*, 978 F.2d 1032, 1036 (8th Cir.1992)("Depew's brief on appeal raises numerous arguments pro se, some of the more imaginative of which are: he cannot be punished under the tax laws of the United States because he is a citizen of the sovereign state (the "Republic") of Idaho. These issues are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion"); *United States v. Sloan*, 939 F.2d 499, 500 (7th Cir.1991), *cert. denied*, 502 U.S. 1060 (1992)(the court affirmed a tax evasion conviction and rejected Sloan's argument that the federal tax laws did not apply to him because he was a "freeborn, natural individual, a citizen of the State of Indiana, and a 'master'-not 'servant'-of his government."); *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir.1987), *cert. denied*, 485 U.S. 1022 (1988)(the court found that Ward's contention that he was not an "individual" located within the jurisdiction of the United States to be "utterly without merit" and affirmed his conviction for tax evasion).

This Court must presume the correctness of the IRS determination of taxes owed. *Cummings v. Commissioner*, 410 F.2d 675, 679 (5th Cir.1969) (citing *Welch v. Helvering*, 290 U.S. 111 (1933)). The Certificates of Assessments, Payments and Other Specified Matters show presumptively correct tax assessments and establish a prima facie case of liability on the part of the taxpayer. *McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir. 1991). The burden is on the taxpayer to show that the assessments were arbitrary or erroneous. *Bar L Ranch, Inc. v. Phinney*, 426 F.2d 995, 998-99 (5th Cir. 1970). Defendants have offered no evidence to show the assessments were made in error. Consequently, they have failed to raise any genuine issue of material fact regarding the propriety of the tax assessments and statutory additions.

Under 26 U.S.C. § 7403 the United States may bring suits in district court to enforce a lien of the United States against any property of the delinquent taxpayer. The United States Supreme

Court has sweepingly construed the scope of Section 7403. In *United States v. Rodgers*, 461 U.S. 677 (1982), the Supreme Court read the statute "to contemplate, not merely the sale of the delinquent taxpayer's own interest, but the sale of the entire property (as long as the United States has any 'claim or interest' in it), and the recognition of third-party interests through the mechanism of judicial valuation and distribution." 461 U.S. at 694. Rodgers involved homestead property exempted from the reach of creditors by Texas state law. The Supreme Court concluded that "[t]he provisions of § 7403 are broad and profound" and preempt state homestead laws. 461 U.S. at 699, 701.  Once the United States establishes its interest in the taxpayer's property, section 7403 allows district courts to order a sale of that property, regardless of homestead exemptions. *Id.* at 701.  ("If § 7403 is intended, as we believe it is, to reach the entire property in which a delinquent taxpayer has or had any 'right, title, or interest,' then state-created exemptions against forced sale should be no more effective with regard to the entire property than with regard to the 'right, title, or interest' itself").

The Government's motion for summary judgment is GRANTED (docket no. 28).  The Goltzes' motion to dismiss (docket no. 30) is DENIED.  The Goltzes' motion to reject United States' motion for summary judgment (docket no. 32) is DENIED.

Any proceeds that the United States receives from the Tall Cedar Property sale would be subject to the Wells Fargo purchase money deed of trust, which is "first in time and first in right" because it was perfected before the federal tax liens were perfected. *See Western Nat. Bank v. U.S.*, 8 F.3d 253, 255 (5th Cir. 1993).

**Conclusion**

SA-06-CA-768-XR

The Goltzes' motion to remand (docket no. 5) is DENIED.  Government's motion to dismiss (docket no. 8) is GRANTED.  The Goltzes' motion to demand this court read all pleadings (docket

no. 12) is GRANTED in part and DENIED in part. The Goltzes' motion to claim and exercise constitutional rights (docket no. 13) is GRANTED in part and DENIED in part. The Goltzes' motion for hearing (docket no. 14) is DISMISSED as moot.

SA-06-CA-503

The motion for leave to file is DENIED (docket no. 22). Motion to claim and exercise constitutional rights (docket no. 26) is GRANTED in part and DENIED in part. The Motion to demand this court read all pleadings (docket no. 27) is GRANTED in part and DENIED in part. The Government's Motion for summary judgment (docket no. 28) is GRANTED. The Goltzes' motion to dismiss (docket no. 30) is DENIED. The Goltzes' motion to reject United States' motion for summary judgment (docket no. 32) is DENIED. The Government is directed to submit a proposed judgment within ten days of the entry date of the order in this cause. The Court further finds that the Government's motion for sale of the property should also be GRANTED. The Government is directed to submit an order for sale of the residence. The Government is awarded its costs.

It is so ORDERED.

SIGNED this 12th day of December, 2006.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE