UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civ. Action No. SA-06-CA-503-XR |
| | ) |
| HENRY D. GOLTZ, EVANGELINA GOLTZ, and WELLS FARGO HOME MORTGAGE, | ) ) ) |
| | ) |
| Defendants. | ) |

**ORDER**

On this date, the Court considered Defendants Henry D. Goltz and Evangelina Goltz ("the Goltzes") motion to stay execution of order and judgment pending appeal (Docket No. 49). For the reasons discussed below, the motion for a discretionary stay is DENIED. The Goltzes are entitled to an automatic stay only if they post a supersedeas bond with the Court in the amount of $130,717 on or before **February 1, 2007.**

The Goltzes seek to stay the execution of the Court's Judgment (Docket No. 37) and Order of Foreclosure and Sale (Docket No. 44). The Court refuses to order a discretionary stay, and the Court will order a supersedeas stay only if the Goltzes post a supersedeas bond with the Court in the amount of $130,717, which represents 120% of the outstanding judgment (120% of $108,931). The Court finds that this amount is sufficient to cover the entire amount of the judgment, including interest, costs, and damages for delay. The Goltzes must post this supersedeas bond and file notice with the Court on or before February 1, 2007. If the Goltzes fail to post a supersedeas bond in accordance with these conditions, then the IRS foreclosure sale will proceed.

**I.   The Goltzes are entitled to a supersedeas stay as of right only if they post bond in the amount of $130,717.  The Court refuses to waive the bond requirement or allow substitute security.**

Rule 62(d) of the Federal Rules of Civil Procedure provides that:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule.[1]  The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

This provision of Rule 62 entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond. *Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992).  The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment. *Id.*; *see also Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir.1979) (policy behind supersedeas bond is to preserve "the status quo while protecting the non-appealing party's rights pending appeal").

Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment. *Herbert*, 953 F.2d at 938. Under this reasoning, the supersedeas bond requirement in Rule 62(d) serves, in money judgment cases, as a "kind-for-kind security to guarantee the judgment." *Id.*  The applicability of Rule 62(d) turns on whether the judgment involved is monetary or nonmonetary, so long as the judgment is not otherwise excepted under Rule 62(a). *Id.*

---

[1] Rule 62(a) excepts from stay "an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent."

On December 14, 2006, the Court entered judgment in favor of the United States against Henry D. Goltz for $102,493 and against Evangeline S. Goltz for $6,438 in unpaid income taxes. Interest and statutory additions continue to accrue on the unpaid balances as provided by sections 6651(a)(2) and 6601(a) of the Internal Revenue Code. The Court's Judgment ordered that the Goltzes' Tall Cedar property be foreclosed to satisfy this judgment. On January 11, 2007, the Court denied the Goltzes' motion for reconsideration and signed the Order of Foreclosure and Sale.

The Court finds that the December 14, 2006 judgment was monetary and that Rule 62(d) applies to this case. *See U.S. v. Mansion House Center Redevelopment Co.*, 682 F. Supp. 446, 450 (E.D. Mo. 1988) ("The Court concludes that Rule 62(d) applies to mortgage foreclosure judgments in the same way that it applies to money judgments: the appellant may obtain a stay of a mortgage foreclosure judgment as a matter of right by posting an adequate supersedeas bond (and a full supersedeas bond is the norm)"); *see U.S. v. Indianapolis Baptist Temple*, No. IP 98-0498-C-B/S, 1999 WL 1249452, *3 (S.D. Ind. Nov. 10, 1999) (granting a supersedeas stay of an IRS foreclosure sale). This Court retains jurisdiction to entertain a motion to stay a judgment or order being appealed. *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145-46 (5th Cir.1982) (citing FED. R. APP. P. 8(a)). Rule 8(a) of the Federal Rules of Appellate Procedure requires that a request for a stay "must ordinarily be made in the first instance in the district court."

The Goltzes are entitled to a supersedeas stay as of right only if they post bond in an amount sufficient to cover the entire amount of the judgment, including interest, costs, and damages for delay. *Channel 20, Inc. v. World Wide Towers Servs., Inc.*, 607 F. Supp. 551, 565 (S.D. Tex. 1985). The financial ability of a party to post a supersedeas bond is irrelevant to whether a judgment should be stayed. *Id.* Consequently, the Goltzes are entitled to a supersedeas stay as of right only if they can post bond in an amount of $130,717, which equals 120% of the Goltzes' outstanding tax

liability. The Court refuses to exercise its discretion to waive the bond requirement or allow substitute security. *See Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir.1988) (discussing discretionary waiver of the bond); *see Poplar Grove Planting and Refining Co., Inc.*, 600 F.2d at 1191 (allowing appointment of substitute security). The Goltzes have not demonstrated that they possess or are willing to post substitute security worth $130,717. Furthermore, the Court will not waive the bond requirement because it would jeopardize the Government's ability to satisfy its judgment and would condone the Goltzes' persistent abuse of the judicial process. The Court will order a supersedeas stay only if the Goltzes post a supersedeas bond with the Court in the amount of $130,717. The Court finds that this amount is sufficient to cover the entire amount of the judgment, including interest, costs, and damages for delay. The Goltzes must post this supersedeas bond and file notice with the Court on or before February 1, 2007. If the Goltzes fail to post a supersedeas bond in accordance with these conditions, then the IRS foreclosure sale will proceed.

## II.     The Goltzes' motion for a discretionary stay is DENIED.

When presented with a motion for a discretionary stay pending appeal, the Court employs a four-part test: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001) (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) ("Ruiz II").[2] While each part must

---

[2]This standard typically applies to a request to stay an injunction pending appeal. *Ruiz II*, 666 F.2d at 856; *Karaha Bodas Co., L.L.C. v. Pertamina*, 274 F. Supp. 2d 484, 486-87 (S.D. Tex. 2002). Nevertheless, the Court will engage in discretionary stay analysis because the Fifth Circuit has not clearly addressed whether a motion to stay an IRS foreclosure sale should be analyzed under Rule 62(d) (governing supersedeas stays) or Rule 62(c) (governing discretionary stays of injunctions). An IRS judicial foreclosure action appears to straddle these two categories because the court issues an injunction (Order of Foreclosure and Sale) to satisfy a money judgment (delinquent tax liabilities).

be met, the appellant "need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.* at 439. (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) ( "Ruiz I")).

The Court finds the Goltzes have minimal likelihood of success on the merits because they have advanced frivolous legal arguments that have been universally rejected by every court to consider them. The Court finds that the Government could suffer substantial harm if the foreclosure action is stayed pending appeal. The Goltzes could discontinue making mortgage payments on the home, fail to pay property taxes, fail to pay homeowner's insurance, or fail maintain the home. The Goltzes' tax liabilities, including interest, will continue to increase pending the appeal, such that any proceeds received by the Government from the sale would be inadequate to cover the Goltzes' tax liabilities. The Court finds that no public interest is vindicated by granting a discretionary stay, which would condone the Goltzes' persistent abuse of the judicial process. Finally, although the loss of real property is usually considered an irreparable injury, this one factor that supports granting the discretionary stay does not outweigh the three factors that support denial of the stay. All four factors must be met to justify granting a discretionary stay. In this case, the balance of the equities does not weigh heavily in favor of granting the stay, and the Goltzes have failed to present a substantial case on the merits. The motion for a discretionary stay is DENIED.

It is so ORDERED.

SIGNED this 25th day of January, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE